UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY R. McKEE,<br><br>                     Plaintiff,<br><br>   v.<br><br>LOREN TAYLOR et al.,<br><br>                    Defendants. | No. 09-5207RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 7, 2009** |

      This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

      This matter comes before the court upon plaintiff's motion for an injunction (Dkt. # 8). Plaintiff asks the court to prevent the defendants, who are all employees at the Stafford Creek Corrections Center, from sanctioning him under WAC 137-28-220 (304). This section of the Washington Administrative Code prohibits unwanted written and telephonic communications to

REPORT AND RECOMMENDATION- 1

any person. Plaintiff also asks the court to order the return of his typewriter. It is not clear if the typewriter is being withheld as part of a sanction, or because plaintiff has been transferred to a new facility and must pay to ship his personal property. He alleges there are only 9 typewriters in the legal law library at Stafford Creek, and he claims this number is inadequate. Plaintiff does not show he has missed any deadline in any case, but alleges he has ten active cases at the current time.

The facts surrounding the sanction are that Mr. McKee sent defendant Taylor a typed letter demanding she stop making statements to other inmates about him. Plaintiff alleges defendant Taylor told at least one other inmate that McKee "doesn't do anything for free." (Dkt # 7, complaint page 3). The statement was in connection with Mr. McKee doing legal work for other inmates.

Plaintiff has been transferred to the Airway Heights Corrections Center and is no longer at the Stafford Creek Correction Center (Dkt. # 20).

## DISCUSSION

The basic function of injunctive relief is to preserve the status *quo ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) unless relief is granted, the moving party will suffer irreparable injury; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. Under the alternative standard, the moving party can

REPORT AND RECOMMENDATION- 2

meet its burden by demonstrating either: (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Id. (citations omitted).

The party seeking an injunction must have standing. To have standing the threat of injury must be real and immediate, not hypothetical. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). Plaintiff has been transferred to a new facility. None of the named defendants have the ability to infract him unless he makes an unwanted contact via telephone or mail. Plaintiff lacks standing to seek an injunction.

The only remaining issue is plaintiff's typewriter. Plaintiff has not informed the court how many typewriters are available for his use at the Airway Heights Corrections Center. Nor has plaintiff informed the court of the procedure for using a typewriter in the law library. Further, plaintiff has not informed the court if he can get his typewriter sent to him by paying shipping or if his typewriter has been confiscated. Thus, plaintiff has not shown irreparable injury. The response shows he lacks standing at the current time (Dkt. # 20).

In the reply plaintiff argues he is serving a lengthy sentence and the odds are he will again be transferred to Stafford Creek (Dkt. # 28). This argument is based on conjecture and speculation and does not give the plaintiff standing. The court recommends that the motion for an injunction be DENIED.

## CONCLUSION

This court recommends that the motion for injunctive relief be DENIED. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION- 3

Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 7**, 2009,** as noted in the caption.

DATED this 10th day of July, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4