UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY R. McKEE,<br><br>                       Plaintiff,<br><br>   v.<br><br>LOREN TAYLOR et al.,<br><br>                       Defendants. | No. 09-5207RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 27, 2009** |

      This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

      This matter comes before the court on defendant's motion to dismiss (Dkt. # 33). This action has been consolidated with 09-CV-5208. Plaintiff has not responded to the motion to dismiss despite being given a sixty-day extension of time. Instead, plaintiff has filed another motion for an additional sixty-day extension of time (Dkt. # 38). That motion has been denied by separate order.

REPORT AND RECOMMENDATION- 1

This action challenges an infraction plaintiff received at the Stafford Creek Corrections Center. Plaintiff was found guilty of violating WAC 137-28-220 (304). This section of the Washington Administrative Code prohibits unwanted written and telephonic communications to any person. Plaintiff sent a letter to a counselor, defendant Taylor, when he allegedly learned the counselor had told another inmate that plaintiff did nothing for free. (Dkt. # 7, page 3). A copy of the letter allegedly sent to defendant Taylor is attached to the complaint (09-CV-5207 Dkt. # 7, Exhibit 1).

Plaintiff was infracted, found guilty, and sanctioned to 10 days loss of his typewriter and 5 days of cell confinement (09-CV-5207 Dkt. # 7, Exhibit 3). This was a general infraction, not a serious infraction. Loss of good time or earned time was not an available sanction. In the infraction defendant Taylor states she found the letter sent from Mr. McKee threatening (Dkt. # 7, Exhibit 3). Plaintiff was informed that if he needed a typewriter for court during the ten day loss of his typewriter he should contact his counselor and make arrangements to use one in the law library (09-CV-5207 Dkt. # 7, Exhibits 5).

Case #09-CV-5208 challenged use of the grievance procedures and photocopy policies. Plaintiff alleges a denial of access to courts as a result of a delay in obtaining photocopies, (09-CV-5208, Dkt. # 5 page 2). Plaintiff does not allege facts showing any actual injury. Plaintiff alleges his actual injury was a five-day delay in the submission of a complaint to court (09-CV-5208 Dkt. # 5, page 5).

Plaintiff alleges a denial of his first amendment right to petition government (09-CV-5207 Dkt # 7, page 6). He alleges a denial of access to courts. He also alleges a violation of his right to due process in that he claims there is no evidence supporting the finding of guilt (09-CV-5207 Dkt. # 7, page 6). He also alleges an equal protection violation, but fails to allege he is part

REPORT AND RECOMMENDATION- 2

of a suspect class (09-CV-5207 Dkt. # 7, page 7). The final allegation is that there is "sub-conspiracy" to obstruct plaintiff's efforts to use the grievance system and document staff misconduct through complaints (09-CV-5207 Dkt. # 7, page 5). Plaintiff alleges a denial of access to courts and a conspiracy to obstruct his use of the grievance system in 09-CV-5208.

STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

DISCUSSION

A.   *Right to Petition Government.*

Plaintiff alleges infracting him and finding him guilty for sending a letter to defendant Taylor violates his first amendment right to petition government. The First Amendment to the

REPORT AND RECOMMENDATION- 3

Constitution applies to the states through the Fourteenth Amendment. Procunier v. Martinez, 416 U.S. 396 (1974). A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974).

First Amendment claims are governed by the factors set forth in Turner v. Safley, 482 U.S. 78 (1987). O'Lone v. Shabazz, 482 U.S. 342 (1987). Under Turner v. Safley, prison regulations that limit an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). To determine whether prison regulations are valid, the court must consider (1) whether the regulation has a logical connection to the legitimate government interests invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmates; (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources; and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at *de minimis* costs to valid penological interests. McCabe v. Arave, 827 F.2d 634, 637 (9th Cir. 1987).

Plaintiff's letter was a demand that Taylor stop telling other inmates he did not do things for free. The letter describes Taylor's statement as "slanderous". Carbon copies of the letter were allegedly sent to the Superintendent and to a file.

A prison certainly has a legitimate penological goal in preventing inmates from sending unwanted mail to persons, even if the persons are prison employees. Further, Defendant Taylor indicates in the infraction that the letter was threatening. Mr. McKee has alternative means of asserting his alleged right, in fact, the grievance policy sets forth the procedure where an inmate is supposed to speak with the staff member informally -- not send them a letter.

REPORT AND RECOMMENDATION- 4

Prison officials must have the ability to address unwanted correspondence to persons, whether those persons work for the prison or not. Applying these applicable factors the court concludes the actions taken by defendants in infracting plaintiff for his correspondence was constitutional, even if it imposed a restraint on plaintiff's right to petition government.

B. *Access to Court.*

Neither the denial of "emergency photocopies" nor the sanction of loss of his typewriter for ten days denied plaintiff access to courts or the right to petition government. Under the facts, as set forth by plaintiff, photocopies for inmates at Stafford Creek Corrections Center are made on Tuesdays and Thursdays (09-CV-5208 Dkt. # 5). Plaintiff demanded "emergency photocopies." His request was denied and he had to wait five days for the photocopies (09-CV-5208 Dkt. # 5). He does not allege he missed any court imposed deadline or was unable to file the "emergency motion for a TRO" that he wished to file.

In 09-CV-5207 plaintiff lost the use of his personal typewriter for ten days as a sanction for a letter he sent a counselor. He was specifically informed that if he needed a typewriter for legal work he should contact his counselor and make arraignments to use a typewriter in the law library (09-CV-5207 Dkt. # 7, Exhibit 5).

The Supreme Court has held that prisoners have a constitutional right of meaningful access to the courts premised on the Due Process Clause. Bounds v. Smith, 430 U.S. 817, 821 (1977). Such access requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." Bounds, 430 U.S. at 828 (emphasis added); Storseth v. Spellman, 654 F.2d 1349, 1352 (9th Cir. 1981).

The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy of the law library or inadequate assistance from persons trained in the law, must allege an "actual injury" to court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). An "actual injury" consists of some specific instance in which an inmate was actually denied access to the courts. Id. Only if an actual injury is alleged may plaintiffs' claim survive. Id. A five day delay in providing copies and loss of typewriter privileges for ten days where a typewriter is available in the law library and no court imposed deadlines are at issue simply fails to state a claim.

    C.    *General infractions and Due Process.*

The Supreme Court held that due process in a disciplinary hearing applies if the inmate has a state created liberty interest at stake. Wolff v. Mc Donald, 418 U.S. 539 (1974). Plaintiff has failed to allege or show any liberty interest is at stake. Defendants move to dismiss and note:

> Plaintiff's sole basis for claiming a due process violation is the conduct of a disciplinary hearing wherein he was sanctioned with a penalty of cell confinement and having his typewriter taken away for a period of time. An inmate's constitutional rights are implicated only when he faces restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 486 (1995). Segregation generally falls within the expected parameters of the sentence imposed by a court of law. Sandin, 515 U.S. at 484-486 (imposition of disciplinary segregation does not amount to atypical and significant hardship); Wolff v. McDonnell, 418 U.S. 539, 571-72 n.9 (1974) (rights afforded inmates for facing loss of good-time not necessarily required for lesser penalties); see also Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) (Washington inmates have no protected liberty interest to be free from administrative segregation). If the loss of good-conduct time and placement in segregation do not rise to the level of a due process violation, then the lesser sanctions of being confined to one's cell and losing the privilege of using a typewriter certainly do not. Plaintiff's Fourteenth Amendment due process claim fails as a matter of law.
>
> Plaintiff also alleges that he did not receive the requisite due process in his disciplinary hearing. In a prison disciplinary hearing, an inmate is entitled only to minimal due process protections. In re Plunkett, 57 Wn. App. 230, 235, 788 P.2d 1090 (1990). In Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d

REPORT AND RECOMMENDATION- 6

> 935 (1974), the Supreme Court set forth the due process rights of a prison inmate at a disciplinary proceeding where a state created liberty is at issue. Although the court held that such prisoners do not enjoy the full panoply of due process safeguards, it also held that a prisoner is entitled to: (1) written notice of the charges against him at least 24 hours in advance of the hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense, provided that doing so will not be unduly harmful to institutional safety or correctional goals; and (3) a written statement setting forth the disciplinary board's findings of fact. <u>Wolff</u>, 418 U.S. at 563-66. Plaintiff's own exhibits demonstrate that he received written notice of the charges against him, 24 hours in advance, that he presented evidence, and that he received a written statement documenting the findings made. See Plaintiff's Complaint, Exhibits 2 and 3. Therefore, his due process claim must fail as a matter of law.

(09-CV-5207 Dkt. # 33, pages 6 and 7). As no liberty interest was at stake in the general infraction, plaintiff's due process claim fails as a matter of law. Despite the fact that no liberty interest was at stake, plaintiff received written notice of the charge 24 hours in advance of the hearing, the opportunity to present a defense, and written findings.

    D.    *Equal protection*.

The Equal Protection clause requires that all persons similarly situated be treated similarly by the government. Inmates are protected under the Equal Protection Clause against invidious discrimination. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974); <u>Lee v. Washington</u>, 390 U.S. 333, 334 (1968). Conclusory allegations, by themselves, however, do not establish an equal protection violation without proof of invidious discriminatory intent. See <u>Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.</u>, 429 U.S. 252, 265 (1977). Moreover, when a suspect class is not implicated the court must determine whether the alleged discrimination is "'patently arbitrary and bears no rational relationship to a legitimate governmental interest.'" <u>Vermouth v. Corrothers</u>, 827 F.2d 599, 602 (9th Cir. 1987)(quoting <u>Young v. United States Parole Comm'n</u>, 682 F.2d 1105, 1109 (5th Cir.), <u>cert. denied</u>, 459 U.S. 1021 (1982)).

REPORT AND RECOMMENDATION- 7

Plaintiff alleges other inmates involved in the same conduct as he were not infracted. He provides no details, does not provide copies of letters these other inmates sent defendant Taylor, and this claim is conclusory. Further, as no suspect class is involved, plaintiff must show the action taken is patently arbitrary and bears no legitimate interest to a legitimate penological goal. He sent a letter to a counselor that the counselor perceived as threatening. Plaintiff was infracted for his conduct. Plaintiff's claim fails as a matter of law.

E. *The grievance process.*

As defendants note there is no constitutional right to a grievance process. <u>Mann v. Adams</u>, 855 F.2d 639 (9th Cir. 1988). Further, because there is no right to a grievance system, failure on the part of prison officials to follow the procedures in the system does not give rise to a claim under 42 U.S.C. 1983 under most circumstances. <u>Hoover v. Watson</u>, 886 F. Supp. 410 (D. Del. 1995), aff'd, 74 F.3d 1226; <u>Brown v. Dodson</u>, 863 F. Supp. 284, 285 (W.D. Va. 1994); <u>Allen v. Wood</u>, 970 F. Supp. 824, 832 (E.D. Wash. 1997).

Plaintiff in 09-5208 alleges that he filed an emergency grievance, but prison officials determined the issue was not an emergency and refused to process his grievance as an emergency grievance. Plaintiff has failed to show that a five day delay in obtaining copies was an emergency and his claim fails as a matter of law.

CONCLUSION

This court recommends that defendant's motion to dismiss be GRANTED. This action should be dismissed for failure to state a claim. This dismissal should count as a strike pursuant to 28 U.S.C. 1915. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

REPORT AND RECOMMENDATION- 8

objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 27, 2009,** as noted in the caption.

DATED this 2nd day of November, 2009.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 9