UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY R. McKEE

         Plaintiff,

    v.

LOREN TAYLOR, et al.,

         Defendants.

CASE NO. C09-5207RJB/JRC

ORDER

      This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§636(b)(1)(A) and(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The matter is on remand from the Ninth Circuit. This action involves two consolidated cases. The Ninth Circuit has directed that plaintiff be provided with an opportunity to file an amended complaint and that he be given direction by the court.

      In the former complaint plaintiff makes allegations of retaliation and then challenges a general infraction he received for sending a letter to defendant Taylor. If plaintiff is alleging that the infraction was filed in retaliation for other activity, then he needs to clearly state what activity gave rise to the claim of retaliation and the specific nature of the alleged retaliation. To

ORDER - 1

state a claim for retaliation, plaintiff must show that he was engaged in activity protected by the constitution and that the action taken against him was motivated by his protected conduct. Any action taken by prison officials that furthers a legitimate penological goal cannot support a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

Plaintiff also challenges his lack of access to court. To state a claim, plaintiff must show that actions taken by the defendants, or any of them, under color of state law actually prohibited him from filing an action. Alternatively, he may show that he was unable to meet a deadline and, as a result, a meritorious action was dismissed. In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access to courts in order to prove a constitutional violation. Id. at 349. An actual injury consists of some specific instance in which an inmate was actually denied meaningful access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Plaintiff's complaint that there was a five-day delay in receiving photo copies does not state a claim because he does not show that he was actually denied meaningful access to the courts.

Finally, plaintiff brought a claim for denial of due process based on a finding of guilt for a general infraction. The Supreme Court's ruling in Wolf v. McDonnell mandated certain minimal procedural safeguards because of the potential loss of good conduct or earned time. Wolff v. McDonnell, 418 U.S. 539, 558 (1974). A finding of guilt on a general infraction does not result in the loss of good conduct or earned time. See generally WAC 137-28-240 (outlining the possible sanctions). Thus, as alleged, the finding of guilt for a general infraction does not result in an impact on a liberty interest.

Plaintiff needs to consider Fed. R. Civ. P. 8 before drafting his amended complaint. A complaint should consist of a short, clear statement of the case. His complaint failed to satisfy

ORDER - 2

this requirement. In the event the complaint contains claims not raised in the consolidated cases or names defendants who have not been served, then plaintiff will need to provide a copy of the complaint for service on each additional person and a filled out service form for each additional person. Failure to provide these documents may result in delay or dismissal.

The amended complaint will act as a complete substitute for all prior complaints in this action. The amended complaint will be due on or before May 20, 2011.

DATED this 18th day of April, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3