UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY R. McKEE,

        Plaintiff,

    v.

LOREN TAYLOR, et al.,

        Defendants.

CASE NO. C09-5207RJB/JRC

ORDER

    This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§636(b)(1)(A) and(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. The Ninth Circuit remanded the case to allow plaintiff an opportunity to amend. Plaintiff has filed two motions. In one motion, plaintiff asks the court to serve his first amended complaint and he also asks for leave to file a second amended complaint to cure defects (ECF No. 66). In the other motion, plaintiff asks for appointment of counsel (ECF No. 67).

    The first amended complaint and the report and recommendation to dismiss the action were filed at approximately the same time. The court did not consider the first amended complaint prior to entering the report and recommendation to dismiss.

ORDER - 1

1  The first amended complaint with its attachments is two hundred and seventy-seven pages long.  In addition to its length, the complaint is vague and does not clearly state what claims are asserted against which defendant.  The document does not comply with Fed. R. Civ. P. 8 (a), which requires the complaint to contain a "short plain statement of the claim."  The motion to serve this complaint is DENIED.  Plaintiff may wish to use the court's form to structure his second amended complaint.

The court will extend the deadline for filing the amended complaint until June 24, 2011.  The court has already provided plaintiff with guidance as to his prior defects (ECF No. 64).  The court reminds plaintiff that he must submit a service copy for each defendant named and a filled out service form if he wishes the court to attempt service by mail.

Plaintiff has also filed a motion for appointment of counsel (ECF No. 67).  Plaintiff has no right to have counsel appointed.  Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party, the court may do so only in exceptional circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Wilborn, 789 F.2d at 1331.   Plaintiff has not shown a likelihood of success on the merits.  The motion for appointment of counsel is DENIED.

Dated this 1st day of June, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 2